# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BARBARA J. MACKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV2293SNLJ(LMB) |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## AMENDED REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This is an action under 42 U.S.C. § 405(g) for judicial review of defendant's final decision denying the application of Barbara J. Macke for Disability Insurance Benefits under Title II of the Social Security Act and Supplemental Security Income benefits under Title XVI of the Act.

On November 14, 2011, the undersigned filed a Report and Recommendation, in which it was recommended that the decision of the Commissioner be reversed and this case be remanded to the Commissioner for the award of Disability Insurance Benefits and Supplemental Security Income benefits. (Doc. No. 19). Defendant filed objections to this Report and Recommendation on November 22, 2011. (Doc. No. 20). In an Order dated January 11, 2011, United States District Judge Stephen N. Limbaugh, Jr. re-referred this cause to the undersigned for review of the previously filed Report and Recommendation, and for an amended report and recommendation, if necessary. (Doc. No. 21).

Defendant objects to the undersigned's Report and Recommendations on two grounds.

Defendant first argues that plaintiff is not entitled to Disability Insurance Benefits under Title II of the Social Security Act. Defendant also contends that the ALJ properly determined plaintiff's residual functional capacity ("RFC") by considering her credibility and the medical opinions. The undersigned will discuss these claims in turn.

In the prior Report and Recommendation, the court set out the facts of the case in detail, and will not repeat that discussion here.

**I.     Plaintiff's Entitlement to Disability Insurance Benefits**

Defendant first argues that the court's recommendation that plaintiff be awarded Disability Insurance Benefits under Title II is not supported by any evidence in the record because plaintiff failed to establish that she was disabled prior to the expiration of her insured status on June 30, 2006. Defendant notes that there are no medical records between plaintiff's alleged onset date of January 1, 2001, and September 2008.

In order to be eligible for disability benefits under Title II of the Social Security Act, plaintiff must establish that she became disabled prior to the expiration of her insured status on June 30, 2006. See Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir. 2006); 20 C.F.R. § 404.130.

In the prior Report and Recommendation, the undersigned inadvertently failed to address the issue of whether plaintiff's impairments were disabling prior to the expiration of her insured status. As defendant accurately points out, there are no medical records from the relevant period. As such, plaintiff has failed to establish that she became disabled prior to the expiration of her insured status on June 30, 2006, and is not, therefore, entitled to Disability Insurance Benefits under Title II.

**II.     ALJ's RFC Determination**

Defendant also argues that the ALJ properly resolved the conflicts between the medical opinions of record in determining plaintiff's RFC. Specifically, defendant contends that the ALJ properly found that the opinion of the non-examining state agency medical consultant, Dr. Cottone, was entitled to some weight, while the opinion of the examining psychologist, Ms. Burner, was entitled to little weight.

An RFC is based on all relevant evidence, but it "remains a medical question" and "'some medical evidence must support the determination of the claimant's [RFC].'" Krogmeier v. Barnhart, 294 F.3d 1019, 1023 (8th Cir. 2002) (quoting Hutsell v. Massanari, 259 F.3d 707, 711 (8th Cir. 2001)). The ALJ is therefore required to consider at least some supporting evidence from a medical professional. Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). If there is no such medical evidence, the residual functional capacity "cannot be said to be supported by substantial evidence." Frankl v. Shalala, 47 F.3d 935, 937-38 (8th Cir. 1995). "The opinion of a consulting physician who examines a claimant once or not at all does not generally constitute substantial evidence." Singh v. Apfel, 222 F.3d 448, 452 (8th Cir. 2000). An ALJ has a duty to obtain medical evidence that addresses the claimant's ability to function in the workplace. See Hutsell, 259 F.3d at 712; Nevland v. Apfel, 204 F.3d 853, 858 (8th Cir. 2000).

The undersigned finds that, for the reasons set out in the previous Report and Recommendation that will be discussed further below, the ALJ's RFC determination is not supported by substantial evidence.

The ALJ relied on the opinion of non-examining psychologist Dr. Cottone that with sustained abstinence, plaintiff should be capable of performing simple work. This finding,

however, is unsupported by the record. The record reveals that, despite prolonged periods of abstinence, plaintiff continued to experience significant mental limitations.

The undersigned noted in the prior Report and Recommendation that plaintiff was abstinent during her ten-month stay at a nursing facility, yet still experienced significant psychiatric symptomology. The undersigned pointed out that plaintiff was given a GAF score of only 40 at a psychiatric evaluation performed on March 8, 2009, at which time plaintiff was a resident of the nursing home. (Tr. 316). Defendant argues in his objections that the Commissioner has found that no direct comparison can be made between GAF scores and the degree of work-related limitation for SSA purposes. (Doc. No. 20, p. 4). Although "the Commissioner has declined to endorse the GAF scale for 'use in the Social Security and SSI disability programs,'...GAF scores may still be used to assist the ALJ in assessing the level of a claimant's functioning." Halverson v. Astrue, 600 F.3d 922, 930-31 (8th Cir. 2010) (quoting 65 Fed. Reg. 50746, 50764-65, 2000 WL 1173632 (Aug. 21, 2000). As such, it was appropriate for the court to point out that plaintiff was assessed a GAF score of 40 approximately two weeks prior to the time Dr. Cottone provided his opinion.

The court's opinion was not, however, based solely upon plaintiff's low GAF score. At the March 2009 psychiatric evaluation, it was found that plaintiff's affect was anxious and tearful, plaintiff's insight was fair, and her judgment was impaired. (Tr. 316). The court also cited the report of a social worker, which corroborated plaintiff's allegations of limitations. (Tr. 141-42). In addition, the court noted that examining psychologist Ms. Burner found that plaintiff had "significant psychological symptomology which would negatively affect obtaining or maintaining employment" in February 2010, at which time plaintiff had been abstinent for three months. (Tr.

347).

Defendant contends that the ALJ properly found that Ms. Burner's opinion was entitled to little weight as it was based on plaintiff's discredited subjective allegations and inconsistent with the record. Defendant argues that the undersigned did not address Ms. Burner's "repeated reliance on Plaintiff's 'reported' limitations." (Tr. 347-48). Defendant also argues that the undersigned did not address the discrepancies between plaintiff's statements to Ms. Burner and the record. Specifically, defendant notes that plaintiff denied to Ms. Burner that she had any instances of alcohol abuse prior to August 2007 when the record reveals that she admitted binge drinking since she was in ninth grade; plaintiff told Ms. Burner she lost her nursing license in 2008 when the record shows she lost her license in 1993; and plaintiff reported to Ms. Burner that she could not care for herself while this was inconsistent with her testimony at the hearing. Finally, defendant contends that Ms. Burner's diagnosis of a cognitive disorder was inconsistent with plaintiff's medical records, which reveal that plaintiff had never been diagnosed with a cognitive disorder in her previous hospitalizations.

As discussed in the prior Report and Recommendations, although Ms. Burner referenced plaintiff's reported limitations, her opinion was not based solely on plaintiff's statements. Ms. Burner performed an examination and found that plaintiff's affect was very sad and plaintiff cried throughout the exam, psychomotor retardation was present, plaintiff had trouble coming up with her year of birth and her phone number and required extra wait time to think of these events, plaintiff's immediate memory was not intact, and plaintiff's mental control was inadequate. (Tr. 346). Ms. Burner's examination, therefore, supported her opinion that plaintiff had a cognitive disorder that would negatively affect obtaining or maintaining employment.

Although Ms. Burner's opinion is supported by her findings on examination, it is unknown whether the inconsistencies referenced by defendant affected Ms. Burner's opinion. It is possible that plaintiff's inconsistent statements regarding her alcohol abuse influenced Ms. Burner's decision to diagnose plaintiff with a cognitive disorder. In addition, as defendant points out, plaintiff was not diagnosed with cognitive disorder in her previous hospitalizations, and has not undergone testing to confirm this diagnosis. Professional opinions are required to resolve these complex medical issues. "An administrative law judge may not draw upon his own inferences from medical reports." Nevland, 204 F.3d at 858. "If the ALJ did not believe, moreover, that the professional opinions available to him were sufficient to allow him to form an opinion, he should have further developed the record to determine, based on substantial evidence, the degree to which [the claimant's] mental impairments limited [her] ability to engage in work-related activities." Lauer, 245 F.3d at 706.

Ms. Burner was the only examining medical source who expressed an opinion on plaintiff's functional limitations. The ALJ relied on the opinion of a non-examining state agency psychologist, which was rendered in March 2009, ten months prior to the hearing and eleven months prior to Ms. Burner's opinion. As discussed above, Dr. Cottone's finding that plaintiff's symptoms would remit with sustained abstinence is not supported by the record.

For these reasons, the undersigned finds that the better course is to reverse and remand this case to the ALJ for further development regarding plaintiff's application for Supplemental Security Income benefits under Title XVI of the Social Security Act. On remand, the ALJ should further develop the medical record to determine how plaintiff's mental impairments affect her ability to function in the workplace; assess a residual functional capacity consistent with the

medical evidence; and obtain vocational expert testimony to determine whether plaintiff is capable of performing work in the national economy with her limitations.

## **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that the decision of the Commissioner denying plaintiff's application for a Period of Disability and Disability Insurance Benefits under Title II of the Social Security Act be **affirmed**.

**IT IS FURTHER RECOMMENDED** that, pursuant to sentence four of 42 U.S.C. § 405 (g), the decision of the Commissioner denying plaintiff's application for Supplemental Security Income under Title XVI of the Social Security Act be **reversed** and this case be **remanded** to the Commissioner for further proceedings consistent with this Report and Recommendation.

The parties are advised that they have fourteen (14) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 (b) (1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact.  See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this   30th   day of March, 2012.

                                                          LEWIS M. BLANTON
                                                          UNITED STATES MAGISTRATE JUDGE